*Original*
*Copy*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Tampa Division



PROVIDED TO
JACKSON W.C. ON

DEC 1 3 2006

FOR MAILING

### CIVIL RIGHTS COMPLAINT FORM

Ronald Baker # 488541

8:06-CV-02326-T-24TBM

FILL

CASE NUMBER: _____
(To be supplied by Clerk's Office)

_____

(Enter <u>full name</u> of each <u>Plaintiff</u> and prison
number, if applicable)

v.

Kevin McCoy, + Officials

Tampa Police Officials

District # 1

Tampa Police Department

(Enter <u>full name</u> of each <u>Defendant</u>. If
additional space is required, use the blank
area directly to the right).

_____ /

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.  <u>PLACE OF PRESENT CONFINEMENT:</u> Jackson Work Camp
    ~~Hillsborough County~~
    (Indicate the name and location)

    5607 HWY 71 North, Malone, FL. 32445

II. <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
    THE FLORIDA DEPARTMENT OF CORRECTIONS?</u> Yes ( ) No ( )

    [If your answer is YES, after reviewing the exhaustion requirements, answer the following
    questions]

DC 225 (Rev. 9/03)                         1

IFP

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form.  If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

      1.   Informal Grievance (Form DC3-005)
      2.   Formal Grievance (Form DC1-303)
      3.   Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22.  The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.   Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

      1.   Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( )

      2.   If so, you must attach a copy of the grievance and response to this Complaint form.

      3.   Were you denied emergency status? Yes ( ) No ( )

            a.   If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )

            b.   If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.   Informal Grievance (Request for Interview)

    1.  Did you submit an informal grievance (Form DC3-005)? Yes (   ) No (   )

    2.  If so, you must attach a copy of the grievance and response to this Complaint form.

C.    <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

    1.  Did you have a disciplinary hearing concerning this matter? Yes (   ) No (   )

    2.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

    3.  Did you submit a formal grievance (Form DC1-303)? Yes (   ) No (   )

    4.  If so, you must attach a copy of the grievance and response to this Complaint form.

D.    <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

    1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (   ) No (   )

    2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _15_ day of __December__, 2 0 0 6 .

_Ronald K Snider_
Signature of Plaintiff

III.   DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL
FACILITY? Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A.   Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B.   Did you present the facts relating to your Complaint in the grievance procedure? Yes
( ) No ( )

C.   If your answer is YES:

1.   What steps did you take? _____

_____

2.   What were the results? _____

_____

3.   To demonstrate exhaustion, you must submit copies of all relevant
grievances/appeals and responses.

D.   If your answer is NO, explain why not: _____

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE
QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _15_ day of _December_____, 2 _0 0 6_ .

_Ronald Baker_
Signature of Plaintiff

IV.   PREVIOUS LAWSUITS:

A.   Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B.   Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): Ronald Baker, #488541

Defendant(s): Tampa Police Dept. officials, Kevin McCoy, Brian Felts, officers of Tampa Police Dept.

2.   Court (if federal court, name the district; if state court, name the county): United States Middle District Court

3.   Docket Number: 8:06-CV-1108-T-17 MAP

4.   Name of judge: Magistrate Elizabeth A. Kovachevich

5.   Briefly describe the facts and basis of the lawsuit: Defendants are in violation of My 4th Amend., 5th Amend, and 14th Amend. of the U.S. Constitution and 8th Amend. Constitution.

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Plaintiff pled Nolo Contendere, preserving the right for Appellate Review, De Novo

7.   Approximate filing date: August 14th, 2006

8.   Approximate disposition date: N/A

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_____

_____

_____

_____

V.   PARTIES:  In part A of this section, indicate your <u>full name</u> in the first blank and your full
     mailing address in the second blank.  Do the same for each additional Plaintiff named in the
     Complaint (if any) in part B of this section:

A.   Name of Plaintiff: Ronald Baker, #488541

     Mailing address: ~~Jackson~~ Jackson Work Camp
     5607 HWY 71 North, Malone, FL. 32445

B.   Additional Plaintiffs: _____

     _____

     _____

     In part C of this section, indicate the <u>full name</u> of the first named Defendant.  Also, fill in his
     or her mailing address, position, and where he or she is employed.  For any additional
     Defendants, use parts D through G of this section for the names, addresses, positions and
     places of employment:

C.   Defendant: OFFicer Kevin McCoy, # 44414

     Mailing Address: Tampa Police Department, One police
     center 411 Franklin Street,

     Position: Police OFFicer, Dist. 1 & squad Dist 1 /120

     Employed at: Tampa Police Department

D.   Defendant: OFFicer M.W. Turner

     Mailing Address: Tampa Police Department, one
     Police Center 411 Franklin Street

     Position: Police officer, Dist. 1 /120

     Employed at: Tampa Police Department

DC 225 (Rev. 9/03)                    6

E. Defendant: OFFicer R. Velez

Mailing Address: Tampa, Police Department one Police Center 411 Franklin Street

Position: Police OFFice, Dist. & Squad Dist 1 / 120

Employed at: Tampa Police Department

F. Defendant: Sgt. ~~er~~ Williamson, B. Todd.

Mailing Address: Tampa Police Department one Police Center 411 Franklin Street

Position: Police OFFicer, Dist. & Squad Dist 1 / 120

Employed at: Tampa Police Department

G. Defendant: CPL. J. Meir

Mailing Address: Tampa Police Department one Police Center 411 Franklin Street

Position: Police OFFicer, Dist & Squad, Dist 1 / 120

Employed at: Tampa Police Department Tampa, FL. 33602

H. Defendant: OFFicer Brian Felts

Mailing Address: Tampa Police Department one Police Center 411 Franklin Street

Position: Police OFFicer, Dist. & Squad Dist 1 /120

Employed at: Tampa Police Department

DC 225 (Rev. 9/03)

7

VI.   STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Plaintiff asserts officials of Tampa Police Dept.
Violated his rights accorded to him under the 4th, 5th
8th and 14th Amendments and are being sued in their
"official and Individual capacity, afforded this plaintiff
under the Protections of this Federal law and United
States Provisions of this Constitution and Florida Const.

VII.   STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.**  State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

On June 9, 2004 Plaintiff was illegally Apprehended
by officers at the circle Ⓚ gas pump, plaintiff finished
pumping public gas and when plaintiff sought to re-enter
his chevy s-10 red pick up truck, where upon officer
Kevin McCoy, and officer M.W. Turner, officer R. Velez,
Sgt. W.B. Todd and Corporal J. Weir, blocked plaintiffs
truck without a traffic stop, search warrant, or any
illegal activity, plaintiff was snatched while entering
his truck slammed to the concrete and handcuffed, then

Statement of Facts, continued:

stood up and illegally searched. There were NO exigent circumstances to warrant these officials very extreme detention at the time 1:45 AM, June 9, 2004, where plaintiff was the sole occupant of the public gas station when officers unlawfully detained him. officer K. McCoy grabbed plaintiff and M.W. Turner assisted slamming plaintiff face down into the concrete, officer Velez searched plaintiff's truck along with Sgt. Todd without probable cause, officer B. Felt, subsequently wasn't satisfied and further secured a search warrant after finding legal permits for plaintiffs storage bins in no connection with this illegal stop and then proceeded to Address 5014 S. Dale Marby Hwy, and searched and seized private personal property to future wise incriminate plaintiff with and later this case was dismissed. plaintiff's property in both storage bins were never returned from officials of the Tampa P.D. plaintiff has proof of private personal property being ordered to be returned to plaintiff and still hasn't and plaintiff is suffering financially, and emotionally from the extreme removal of his work equipment and Numerous sets of tools and children's personal collector's cards (i.e. baseball, football, basketball,

DC 225 (Rev. 9/03)                            9

Statement of Facts, continued:

Plaintiff's statement of facts clearly can show and surely demonstrate this cause of action, precisely and concisely to this Honorable Magistrate and precisely guides this court to defendant's police reports dated June 9, 2004 (arrest), and plaintiff's permits, legally and obtained by this state, for the invasion of privacy to this plaintiff from unlawful seizures, as exhibits to show and demonstrate plaintiff's cause of action for this Civil Complaint as plaintiff will follow this court's rules clearly and concisely. This plaintiff cites no legal arguments, citations of authority or any statutory references as this Court rules have properly outlined the plaintiff against doing so. This plaintiff is "Legibly filing this "Amended Complaint" as outlined in Rule # (2) of this instructions and is completely complying with this Honorable Court's rules so this plaintiff can have his complaint accepted by this Honorable Magistrate's Court for determination of plaintiff's Merits, plaintiff hopes this court will grant his complaint as this plaintiff has lost everything on a dismissed case with no reason why his Storage Bin property should not be returned to him and his children, can this plaintiff be helped in any way whatsoever!

DC 225 (Rev. 9/03)

Statement of Facts, continued:

I, Honorable Magistrate to review and determine plaintiff's extreme amount of deprivation, injury, harm in this objective test and that officers acting under the color of state law did this with a certain state of mind prompting the second requirement of the subjective test putting plaintiff at a "substantial risk" for his safety at a public gas station making it also on the defendant's (officers) part equivalent to criminal recklessness on their part, and applied force throughout this incident "maliciously and sadistically to cause plaintiff harm without even giving plaintiff the right to refuse defendant's (officers) extreme detention, the right to bodily privacy to protect plaintiff from certain deliberate and embarrassing types of exposure in public without the proper tactics and overstepped their boundaries to accost and assail and illegally apprehend this plaintiff without any procedural due process or equal protection of plaintiffs Civil Rights. It's a clear cut case of plaintiff's rights being violated by these defendant's (officers). Plaintiff has stated and demonstrated his facts and cause of action, to this

DC 225 (Rev. 9/03)

Statement of Facts, continued:

Honorable Magistrate and precisely guides this court to defendant's police reports dated Jun 9th, 2004 (Arrest), and plaintiff's permits, legally obtain and secured by this state for the invasion of privacy guaranteed to plaintiff from unlawful seizures, as exhibits to show and demonstrate plaintiff's cause of action for this Civil Rights Complaint as plaintiff will follow this court's rules clearly and concisely in the proper space provided on the attached Complaint and affidavit of indigency. This plaintiff cites no legal argument, citations of authority or statutory references as this District Court Rules have properly outlined the plaintiff against doing so. This plaintiff is legibly filing this "Amended Complaint" as outlined in rule #(2) of this Instructions and is completely complying with this Honorable Court's rules so this plaintiff can have his Complaint accepted by this Honorable Magistrate's Court for determination of Plaintiff's Merits, Leave to Amend under Florida Civil Procedure Rule 1.190 with respect to this Honorable Magistrate's Court.

12

VIII.   RELIEF REQUESTED:   State briefly what you want the Court to do for you.  Again, do not
make any legal arguments or cite any cases or statutes.

(1) Plaintiffs prays this Honorable Magistrate Grant's Complaint.

(2) Plaintiffs requests and prays for Declaratory Relief in this Complaint, against defendants

(3) or Plaintiff's would request and pray for Compensatory damages against defendant's in the form of notwithstanding $4,000,000 for actual damages;.

(4) And whatever this Honorable Magistrate deems just and proper.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this  13th  day of  December  , 2 006 .

*Ronald Baker*

*Jackson Work Camp*

*5607 Hwy 71 North*

*Malone, Fl 32445-3123*

(Signatures of all Plaintiffs)

13



MARK A. OBER
STATE ATTORNEY
800 EAST KENNEDY BOULEVARD
TAMPA, FLORIDA 33602
813-272-5400

STATE OF FLORIDA                  CASE NUMBER: 2004-CF-011264

      VS

RONALD  BAKER

<u>NOTICE OF CASE STATUS - LETTER OF RELEASE</u>

Case Filing Decision: NO-FILED

Agency Report Number: TPD 2004-00238051

Lead LEO: OFFICER RICHARD  MOODY  CID 60

Case Decision Date: _____JAN 1 2 2005___ FEB  2 2005

Comments: The speedy trial period crime has expired for the charge.

MARK F. LEWIS
Division Chief
Assistant State Attorney

cc:    LEO
       []Central Booking (if defendant incarcerated)
       File

PD/drs
OFFICE NUMBER: 2004-040698

```
Report:  CZRCALF                              Clerk of Circuit Court - CPROD        Run Date: 01-DEC-2005
User:    FELONYCAL                            Detail Felony Calendar Report         Run Time: 16:33:46
Instance: CPROD                        Hillsborough County Criminal Division Court Calendar   Page:  3

Scheduled Date: 02-DEC-2005           Start Time:
End Time:                             Court Code:       CF
Location Code:  TA                    Room Location:    AN
Case Type:                            Division Code:    O
Judge Name:   HEINRICH, WALTER R.     Calendar Type:   GENA
Room Code:    CR15
Cc.Reprz

BAKER , RONALD.           D001   04-CF-011264      10:00:00
ID: 000014681            MOTION/CLOSED CASE
AKA: BAKER, RONNIE
DATE ARREST: 10-JUN-2004
BOOKING#: 04036125
SOID#: 00157001
JAIL IND: N   JAIL LOC:
OFF.DATE:

DEF ATTY:
SA:
SWP:
PD:

PENDING CASES:  03-CF-008332,03-CF-019525,04-CF-010968,04-CF-011072,05-CF-010252
86-CF-012473,96-CF-010430

COND:

OUTSTAND.CAPIAS/WARRANT:(Case No.)
```