UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RONALD BAKER,

     Plaintiff,

v.                                     Case No. 8:06-cv-2326-T-23TBM

KEVIN McCOY, et al.,

     Defendants.
_____/


# O R D E R

    Baker's civil rights complaint alleges that the defendants violated Baker's rights when they arrested him. The defendants move (Doc. 17) for dismissal pursuant to Rule 12(b), Federal Rules of Civil Procedure, which Baker opposes (Doc. 22). Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), Kirby v. Siegleman, 195 F.3d 1285, 1289 (11th Cir. 1999), the pro se complaint is nonetheless without merit.

    Baker was arrested on June 9, 2004, at 1:45 a.m., while getting gasoline at a "Circle K." He alleges that the defendants "slammed [him] to the concrete and handcuffed" him, after which they illegally searched his truck. The defendants found documents showing that Baker rented two storage units, which were subsequently searched and in which stolen property was found.

    Three distinct claims are discernible in Baker's complaint: use of excessive force, illegal search and seizure, and loss of private property. The use of excessive

force claim fails because the amount of force used was <u>de minimis</u>; the illegal search and seizure claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994);[1] and the loss of private property claim is precluded by <u>Parratt v. Taylor</u>, 451 U.S. 527, 538 (1981).[2]

Accordingly, the defendants' motion to dismiss (Doc. 17) is **GRANTED**. The clerk shall enter a judgment against Baker and close this action.

ORDERED in Tampa, Florida, on August 31, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] Baker's arrest on June 9th led to more than a half-dozen criminal charges. Apparently, Baker pleaded guilty to most of the charges, but two charges were <u>nolle</u> <u>prossed</u> because of speedy trial problems. Because a ruling sustaining Baker's constitutional challenge to the search and seizure "would necessarily imply the invalidity of" the charges of which Baker stands convicted, he may not maintain an action directed toward that ruling until the convictions are vacated. <u>Heck v. Humphrey</u>, 512 U.S. at 487.

[2] Baker should pursue enforcing the order to return property with the state court that issued the order.